# Boyle *versus* Grant.

A payee of six several promissory notes may maintain a suit before a justice of the peace on each of the notes ; the Court, on appeal in each case, may consolidate the suits.

ERROR to the Common Pleas of *Washington county.*

On the 4th of January, 1847, Connell Boyle and John Boyle executed to Robert Grant three several promissory notes for the following sums, viz., one for $83.61, another for a similar amount,

[Boyle v. Grant.]

and the third for the sum of $27.04, each being payable to the order of Grant one day after date; and on April 18, 1849, they executed *three other notes*, which were for $75 each, and payable one day after date.

These notes remained in the hands of the original payee until August 13, 1849, when they were left by Grant with a justice of the peace of Washington county for collection, by whom six separate suits were instituted, and judgments entered in each of the said suits.

From these judgments defendants appealed, and on the 25th of February, 1850, a jury being sworn in the several cases, returned a special verdict stating the facts, and submitting to the Court whether the plaintiff was entitled to recover.

February 25, 1850, the Court directed judgment to be entered for the plaintiff for the sum of $464.27, the consolidated amount of all the verdicts; the said judgment to be entered in case No. 172, and full costs, including justice's costs in said case, to be taxed against defendants, and that all costs in each of the cases, except the costs before the justice, be taxed against the defendants and consolidated with the other costs.

Error was assigned to the judgment of the Court.

*Gow*, for the plaintiff in error.—He contended that as the whole demand of the plaintiff exceeded $100, that the justice had not jurisdiction: 10 *Watts* 121, Camp *v.* Woods; 1 *W. & Ser.* 57; 7 *W. & Ser.* 434, Towanda Bank *v.* Ballard: 1 *Ser. & R.* 30; 3 *Penna. Rep.* 472; *Charlton*, (*R. M.*) 214, Ex parte Gale; 2 *Harrington* 50; *U. S. Digest Supplement*, vol. 1, 38.

*Acheson* and *Wilson*, contrà.—The costs before the justice in all of the suits, are less than would have been taxed in one suit in the Common Pleas for the aggregate amount. In the case of The Towanda Bank *v.* Ballard, gross vexation and oppression appeared, so that a Court of Equity would have restrained Ballard.

The notes sued were separate and distinct demands: 1 *B. & Ad.* 672; 15 *Pick.* 409, Badger *v.* Titcomb.

By the consolidation of the suits, the plaintiff was not deprived of costs: 1 *Brown's Appendix* 67; 1 *Yeates* 5; 4 *Id.* 128; 2 *Arch. Pr.* 108.

The opinion of the Court, filed Oct. 25, was delivered by

COULTER, J.—On the 4th January, 1847, Connell Boyle and John Boyle executed and delivered to Grant, the plaintiff below, three promissory notes, each for a sum under $100; and on 18th April, 1849, the same persons executed and delivered three other promissory notes to the same Grant, each for a sum under $100.

[Boyle *v.* Grant.]

Subsequently the notes, being unpaid, were given to a justice of the peace for collection, who brought a suit on each note, and rendered judgments accordingly. From these judgments, Boyle appealed to the Common Pleas, where, on trial, the Court consolidated the notes, and rendered judgment for the whole amount in one of the suits, and this writ of error is to that judgment. The error assigned is that the justice had no jurisdiction. But that is a mistake: he had jurisdiction. The case of The Towanda Bank *v.* Ballard, 7 *W. & Ser.* 434, was one *sui generis*. The suits there were instituted evidently for the purpose of oppression. But bank notes are issued for the purpose of circulation, and in sums of five dollars for the purpose of convenience. No bank ever issued notes under even an implied assent that it might be sued by an individual who had a thousand dollars of its money in two hundred suits before a justice of the peace. That would be splitting up a claim which was in fact an unit, and would be like instituting an action on every item in a book of accounts. But here is a contract of the parties themselves, entered into at different times, making these demands separate and distinct, separately evidenced and separately suable. There might be, and no doubt was, good reason for this agreement. People would much rather collect a debt in their own neighborhood, before a justice in whom they had confidence, than go to Court for that purpose. The expense and cost is less, and the trouble less; and in court he must pay five per cent. off his demand; before a justice nothing. Doubtless it was with a view to these circumstances, that one party gave and the other party took the notes in this way. We see no objection to it either in reason or in law. It is the contract of the parties, having no other ostensible or discoverable object than that of giving jurisdiction to a justice, or enabling the payee to assign separately.

From the long delay before suit brought, the plaintiff below seems to have been an indulgent rather than an oppressive creditor. The Court did right in consolidating the judgments into one, after the suits were carried there by appeal. It hurt nobody, and saved the defendant costs.

Judgment affirmed.