## Dill v. Cochran

*W. Allen Dill*, for plaintiff.

*M. L. McBride, Jr.*, for county controller.

*William Joyce*, for county commissoners.

McKay, J., April 8, 1958.—This is an action of mandamus brought by a member of a board of arbitration appointed pursuant to section 8.1 of the Arbitration Act*, to compel the controller and commissioners of Mercer County to pay him an arbitrator's fee. The facts are agreed upon.

On January 11, 1957, plaintiff, L. N. Dilley, Esq., and J. J. Donaldson, Esq., were named to the board to hear two cases then pending in the Court of Com-

---

* The Arbitration Act of June 11, 1836, P. L. 715, was amended by the Act of June 14, 1951 (1952), P. L. 2087, and by subsequent amendments: July 22, 1955, P. L. 270; May 17, 1957, P. L. 147, and June 20, 1957, P. L. 336, 5 PS §30, to provide for the hearing of certain cases by a board of arbitration consisting of three members of the bar. Section 1 of the act, as amended, reads as follows:

"The several courts of common pleas may, by rules of court, provide that all *cases* which are at issue where the amount in controversy shall be one thousand dollars ($1000) or less, except those involving title to real estate, shall first be submitted to and heard by a board of three (3) members of the bar within the judicial district. *Cases* which are not at issue and whether or not suit has been filed may be referred to the board of arbitration by agreement of reference signed by counsel for both sides in the case. Said agreement of reference shall define the issues involved for determination by the board and, when agreeable, shall also contain stipulations with respect to facts submitted or agreed or defenses waived. In such *cases*, the agreement of reference shall take the place of pleadings in the case and be filed of record."

Section 2 provides:

"In all *cases* under section 8.1 of this act, the compensation of each member of the board of arbitrators shall be determined by the court and paid by the county *for each case heard* upon the filing of the report and award, if any. Such fees shall not be taxed as costs nor follow the award as other costs."

Mercer County Arbitration Rule VI(A), promulgated pursuant to the act provides:

"Each member of the Board of Arbitrators shall be paid the sum of thirty-five ($35) dollars by the county *for each case heard* upon the filing of the Board's report and award, if any." (Italics supplied.)

mon Pleas of Mercer County; that of Charles Osborn, plaintiff v. J. W. Wolfe, trading and doing business as J. Wolfe Motor Sales, and Charles McAdoo, defendants, at no. 31, March term, 1957, and that of J. W. Wolfe, trading and doing business as J. Wolfe Motor Sales, plaintiff, v. Charles Osborn, defendant, at no. 135, December term, 1956.

The cases arose out of an automobile accident in which two vehicles owned by the respective parties and operated by Osborn and McAdoo collided and were damaged. At the request of the parties, the board of arbitrators consolidated the two cases for hearing.

The hearing was held on the afternoon of January 28, 1957, after which the board rendered two separate verdicts, one for plaintiff in the suit of Wolfe against Osborn and one for defendants in the suit of Osborn against Wolfe and McAdoo. The prothonotary thereupon certified to the controller the payment of the arbitrators' fees in each of the two cases. Defendants, however, honored only one of the certificates and issued a check to plaintiff for $35 which he returned uncashed to them.

The question presented is whether under the act of assembly providing for boards of arbitration and the Mercer County Arbitration Rule, plaintiff is entitled to a fee for hearing both cases which would amount to $70, or for only one case which would be $35. Defendants contend that since the cases were heard together on one day they constituted only one case for compensation purposes and that but one arbitrator's fee is due plaintiff as arbitrator.

Both the act of assembly and the rule of court provide for compensation of the arbitrators, not on a per diem basis, but on the basis of a certain amount "for each case heard." Thus the question is whether "each case" means each separate action filed in court or

each matter heard by the arbitrators, whether a single action or two or more consolidated actions.

The word "case" has a well established meaning when used as a legal term. It means "a cause of action; a suit; an action"; Funk and Wagnalls' New College Standard Dictionary. In the case of Blyew v. United States, 80 U. S. 581, at page 585, the court stated: " 'Case' and 'cause' are used as synonymous in statutes and judicial decisions, each meaning a proceeding in court; a suit; an action".

The word "case" appears to be used with the above connotation throughout the arbitration statute.

Thus the statute refers to "all *cases which are at issue* where the amount in controversy shall be one thousand dollars ($1000) (now $2000) or less". It provides that "*Cases* which are not at issue whether or not suit has been filed may be referred to the Board of Arbitration by agreement" and that "in such *cases,* the agreement of reference shall take the place of the pleadings in the case. . .". Section 7, 5 PS §31, states that "the names of attorneys . . . shall be taken in the manner prescribed by the rules of the court in which the case is pending. . . ."

The above language clearly indcates that when the word "case" is used, it refers to a suit or action pending between a plaintiff and a defendant which is at issue and ready for trial. So construed, the suit of Osborn v. Wolfe and McAdoo at no. 31, March term 1957, would be a case and the suit of Wolfe v. Osborn at no. 135, December term, 1956, also a case. Hence, it would seem clear that the board of arbitration on January 28, 1958, heard and disposed of two cases in one trial, the cases having been consolidated for that purpose for the convenience of the parties.

When the statutes fixes the compensation of the arbitrators, it states that they shall receive an amount to be determined by the court "for each *case* heard . . ."

In accordance with the act, the rule of court above quoted fixes the amount of compensation at $35 "for *each* case heard".

The fact that compensation was to be in a certain amount *per case* instead of per diem as the original act provided (Act of June 16, 1836, P. L. 715, sec. 49, 5 PS §129) would of itself imply that where more than one case is being heard at the same time, the arbitrators were to be paid according to the number of separate cases heard. In addition, however, the legislature in the compensation provision inserted the word "each" before the word "case." The word "each" is a distributive pronoun which denotes or refers to each one of two or more person or things: Mutual Savings and Building Assn. v. Canon Block Inv. Co., 67 Colo. 75, 185 Pac. 649. Or, as stated by the court in State v. Maine & Central R. Co., 66 Me. 488, 510: " 'Each' means 'everyone of any number separately considered'."

Since the act and the rule of court provide that arbitrators shall be paid on a *case* basis rather than on a per diem basis, and that they are to be paid $35 for *each* case heard, it follows that when, for convenience, as in the present matter, two cases are heard by them on one day, they are entitled to be paid at the rate of $35 for each case, or $70 for the two cases. To construe the statute and rule of court so as to limit their compensation to $35 for each hearing would be to legislate judicially in contradiction of the express language of the act, which a court has no right to do. If the statute is to be changed so as to provide for but one compensation for hearing more than one case when they are heard simultaneously, the legislature and not the courts must make the change.

Our attention has been called to the case of Girard v. Hutchinson, 4 S. & R. 80, where it is contended that the court held the arbitrators could not make a distinct

charge for each of two cases when they met 42 times and charged for 42 days spent in the investgaton of each case. An examination of that case, however, shows that it is not applicable to the present one. It was decided under the Act of March 20, 1810, which provided that an arbitrator should receive one dollar for "each and every day necessarily spent by them in the investigation of any cause." In that case the arbitrators met 42 times in hearing two related cases simultaneously and charged 42 days spent in the investigation of each. The court held that they were only entitled to be paid for 42 days service in the whole, viz., 21 days for each case.

The report states: "It appeared that the matter of the two causes was intermixed, and that the arbitrators might have decided either of them separately, in much less than forty-two days." The headnote of the case reads: "If two causes between the same parties are investigated and decided by the same arbitrators at the same time, they are entitled to be paid only for the number of days actually spent in the investigation of both cases; and cannot make a distinct charge for each case."

In the Girard case the arbitrators, payable on a per diem basis for each day "necessarily spent by them in the investigation of any cause," were properly limited to an amount which represented the maximum number of days they were required to devote to each cause. The decision is of no assistance in construing the present statute where the arbitrators are compensated on a "case basis" rather than on a per diem basis.

The case of Butcher v. Scott, 1 Clark 311, is also cited as authority for the construction contended for by defendants. In that case, as in the Girard case, the compensation of the arbitrators was limited to an amount representing what the court determined was the necessary number of days consumed in investigat-

ing two causes that were tried together. This decision was correct under the arbitration statute then applicable which provided for compensation for the number of days necessarily required to investigate the cases. It sheds no light upon the problem before us where a statute providing for pay by the case is applicable.

Defendants point out that it is the policy of the law in our Commonwealth to avoid the multiplication of costs where possible. This is undoubtedly true. But this policy does not permit us to legislate judicially in order to effectuate that policy. Counsel quotes Boyle v. Grant, 18 Pa. 162, where, on an appeal from six judgments before a justice of the peace based upon six promissory notes of $100 each, the court consolidated the cases and entered judgment for the total amount in one case and the Supreme Court held that this procedure "hurt nobody and saved the defendants costs."

Defendants also quote the Act of March 10, 1905, P. L. 35, 19 PS §1294, which requires that costs may only be taxed against a defendant in one case when more than one indictment is returned charging the commission of two or more offenses which grew out of the same occurrence or which might legally have been included in one indictment. This statute protects a defendant in a criminal case from the unneccessary duplication of costs by requiring that offenses growing out of a common occurrence be set forth in one indictment. It has, of course, no bearing upon our question.

It is contended that unless we construe the statute as suggested, arbitrators will receive double compensation for consolidated trials. Even if this were true, it would not permit us to ignore the language of the act.

It may be observed, however, that under the per case method of compensation it is also possible for arbitrators when hearing a protracted case to spend much more time hearing a case than the fixed fee justly compensates for. It may be that the legislature foresaw that

in the long run underpayment in one case will be offset by what may appear to be overpayment in another.

Be that as it may, until the act is amended so as to change the basis of compensation, arbitrators are required to be paid for each case tried, whether long or short and whether cases are consolidated for trial or heard singly.

We conclude that under the act plaintiff is entitled to be paid compensation for both cases heard by him.

### Judgment

It is ordered and decreed that defendants pay plaintiff the sum of $70 for his services as arbitrator in the said cases at no. 31, March term, 1957, and no. 135, December term, 1956, as certified to them by the prothonotary.

### Exception

And now, April 8, 1958, to the foregoing judgment of the court, counsel for defendants excepts and, eo die, a bill of exceptions is sealed for defendants.